**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5317-16T3

JOHN MOORE, ALPHONSO
JOHNSON, MEL FREE EL and
DONALD DILLARD, individually and
on behalf of a class of others similarly
situated,

     Plaintiffs-Respondents,

v.

ATLANTIC COUNTY and GARY
MERLINE, both individually and in his
official capacity as the Warden of the
Atlantic County Correctional Facility,

     Defendants-Appellants.

_____

Argued April 30, 2018 - Decided September 13, 2018

Before Judges Accurso, O'Connor and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0902-15.

Melissa J. Brown argued the cause for appellants (Marks, O'Neill, O'Brien, Doherty & Kelly, PC, attorneys for appellants; Sean X. Kelly and Sean Robins, on the briefs).

Carl D. Poplar argued the cause for respondents (Carl D. Poplar and William A. Riback, on the brief).

Nicole Espin argued the cause for Amicus Curiae American Civil Liberties Union of New Jersey (Rutgers Constitutional Rights Clinic, attorneys; Ronald K. Chen, Edward L. Barocas, Jeanne M. LoCicero and Alexander R. Shalom, of counsel and on the brief).

James A. Barry argued the cause for Amicus Curiae New Jersey Association for Justice (Locks Law Firm, LLC, attorneys; Michael A. Galpern, James A. Barry and Neel Bhuta, on the brief).

PER CURIAM

Defendants Atlantic County and Gary Merline[1] appeal on our leave[2] from a May 22, 2017 order granting the motion of plaintiffs John Moore, Alphonso Johnson, Mel Free El and Donald Dillard to certify as a class all persons detained in the Atlantic County Correctional Facility for non-indictable offenses who were strip searched or subject to body cavity searches on admission between November 8, 2005 and May 22, 2008, when Atlantic County ended the policy, as well as a subclass of inmates "for

---

[1] Merline was the warden of the Atlantic County Correctional Facility at the time of the events alleged in the lawsuit.

[2] See Daniels v. Hollister Co., 440 N.J. Super. 359, 361 n.1 (App. Div. 2015) (explaining our general policy of liberally granting leave to appeal from orders granting or denying class certification). We also granted leave to the New Jersey Association for Justice and the American Civil Liberties Union of New Jersey to appear as amici curiae in support of plaintiffs in this appeal.

whom there was no legally cognizable consent."  Because we agree plaintiffs established that common issues of fact and law predominate over individual ones and satisfied the remaining requirements of Rule 4:32-1(b)(2) and (b)(3), we affirm certification of the class,[3] substantially for the reasons expressed by Judge Savio in the order and on the record at argument.

This case began in federal court in 2007.  Moore v. Atl. Cty., No. 07-5444, 2015 U.S. Dist. LEXIS 33160, at *13 (D.N.J. Mar. 18, 2015).  Following the United States Supreme Court's opinion in Florence v. Board of Chosen Freeholders, 566 U.S. 318, 322, 339 (2012), holding that strip searching nonindictable offenders without reasonable suspicion who enter a jail's general population does not violate the Fourth Amendment, the district court in March 2015 granted Atlantic County's motion for summary judgment on plaintiffs' federal claims.  Moore, slip op. at 28.  The district court declined to exercise supplemental jurisdiction over plaintiffs' State law claims, dismissing them without prejudice.  Id. at 28-29.

Plaintiffs thereafter filed a four-count complaint in the Law Division alleging "Atlantic County had a policy of strip-searching and conducting cavity searches on all

---

[3]  Plaintiffs' counsel at oral argument withdrew opposition to certification of the subclass, agreeing a subclass was unnecessary.  Accordingly, we do not address Atlantic County's claims as to the subclass and remand for the conforming amendment of the class certification order.

individuals who enter[ed] the Atlantic County Correctional Facility regardless of the reason for their detention" in violation of New Jersey law, which requires particularized suspicion for such searches. They further alleged that "Atlantic County sought to circumvent the New Jersey strip-search statute [N.J.S.A. 2A:161A-1 to -10] by ostensibly obtaining 'consent' from each and every non-indictable detainee," whom it knew it was prohibited from strip searching, by way of a "Consent to Strip Search" form, which provides in pertinent part:

> I understand that my circumstances do not merit subjection to a routine strip search of my person; I understand that in an effort to protect inmates and staff, inmates that are not strip searched upon admission to the facility may be segregated from the general population and/or placed in otherwise higher security housing; as such are not necessarily direct consequences of not being strip searched, it is without coercion that I do voluntarily consent to be strip searched.

Plaintiffs alleged such "consent" was invalid because: 1) detainees "could not and did not consent to a cavity search" as defined by statute; 2) the New Jersey Constitution "requires reasonable suspicion prior to obtaining consent from a person" in a custodial setting; 3) "Atlantic County failed to follow the requirements of the statute's implementing regulations," which require a supervisor to individually authorize an officer "to obtain consent, document who was present during each search and itemize what was found"; and 4) "the 'consent' was otherwise violative of the New Jersey

constitution because it was not made knowingly and voluntarily nor was the detainee . . . made aware of his right to refuse."

Plaintiffs Moore, Johnson, Free and Dillard, all of whom alleged they were detained in the Atlantic County Jail after being arrested for traffic violations or on child support warrants, claimed they were subjected to strip searches or cavity searches in violation of Article 1, Paragraph 7 of the New Jersey Constitution, the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2, and the statutes and regulations governing strip searches and body cavity searches, N.J.S.A. 2A:161A-1, N.J.S.A. 2A:161A-2, N.J.A.C. 10A:31-8.4 and N.J.A.C. 10A:31-8.6. They sought compensatory and punitive damages, a declaratory judgment, injunctive relief and attorneys' fees on behalf of themselves and a class of "[a]ll persons who were detained in the Atlantic County Correctional Facility for non-indictable offenses (such as disorderly persons offenses, traffic infractions and/or civil commitments)" between on or about November 8, 2005 through May 22, 2008, "and were strip-searched and/or subject to a cavity search upon their transfer and entry into the Atlantic County Correctional Facility absent legally cognizable consent."

When plaintiffs moved for certification of the class, Atlantic County opposed the motion and cross-moved for summary judgment. Plaintiffs opposed and filed their own cross-motion for summary judgment. When the motions came on for argument, Judge

Savio addressed only the class certification motion, leaving the summary judgment motions for another day. We find no error in that approach. We have before noted that "[w]hen determining whether a class should be certified, a court is not to make a preliminary determination of the merits of the underlying claims," Delgozzo v. Kenny, 266 N.J. Super. 169, 180-81 (App. Div. 1993), as plaintiffs are entitled to "'every favorable view' of the complaint and record," Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 96 (2007) (quoting Riley v. New Rapids Carpet Ctr., 61 N.J. 218, 223 (1972)). As the summary judgment procedure, in contrast, is designed precisely to get at the merits of the controversy, see Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540-42 (1995), we think it wise that trial courts avoid hearing class certification motions and motions for summary judgment together.

After hearing argument on the motions, Judge Savio addressed the Rule 4:32-1(a) factors of numerosity, commonality, typicality and adequacy of representation, see Lee v. Carter-Reed Co., LLC, 203 N.J. 496, 519 (2010), finding all were satisfied. Specifically, plaintiffs allege that over 11,000 detainees were strip searched after being presented with the County's consent form, with the only two men who refused to sign being placed in leg irons. The court found the claims of the named plaintiffs were typical as all were subjected to strip searches or cavity searches and they had fairly and adequately represented the interests of the class.

6

Judge Savio found several common questions appropriate for class-wide adjudication including whether Article 1, Paragraph 7 prohibits strip searching non-indictable detainees upon admission to a jail; whether it was constitutionally permissible for Atlantic County to adopt a blanket consent to strip search policy and practice; whether it was constitutionally permissible for the County to request consent of detainees in a custodial setting absent any articulable suspicion they were in possession of contraband; whether the searches had to be authorized by a supervisor; whether they constituted cavity searches, and if so, whether the consent form was adequate to authorize such a search and were they illegal because not performed by medical personnel; and whether the County can establish that detainees had an unfettered right to refuse consent given the consent form advised failure to consent would result in segregation or isolation or housing in higher security sections of the jail and plaintiffs insist detainees who refused were placed in leg irons.

Judge Savio rejected Atlantic County's contention that a determination as to the validity of the consents given by detainees under the policy involves an inherently individualized inquiry into the subjective meaningfulness or validity of each written consent by each individual detainee and that those individual questions predominated over questions of law or fact common to all detainees. Instead, the judge found the common questions of law and fact he identified predominated over any individual

7

issue, that the cost of bringing individual lawsuits was too expensive and burdensome, and that the case could be easily managed, making a class action the superior method to resolve the controversy.

Atlantic County appeals, reprising the arguments it made to the trial court that common questions of law and fact do not predominate over the "numerous factual questions . . . [surrounding] the validity of the 10,000-plus written consents provided by detainees during the putative class period [that must] be answered as to each individual detainee." We reject the County's argument.

Our Supreme Court has described the class action as "a device that allows 'an otherwise vulnerable class' of diverse individuals with small claims access to the courthouse." Carter-Reed, 203 N.J. at 518 (quoting Iliadis, 191 N.J. at 120). Our courts liberally construe Rule 4:32-1, the class action rule, in accordance with the Court's instruction that "a class action 'should lie unless it is clearly infeasible.'" Iliadis, 191 N.J. at 103 (quoting Riley, 61 N.J. at 225). We review the trial court's decision on class certification only for abuse of discretion. Carter-Reed, 203 N.J. at 504.

Our review of this record provides no basis for us to interfere with Judge Savio's decision that this matter proceed as a class action. Atlantic County's insistence that individual issues of each detainee's consent to be strip searched predominate ignores that at the heart of this case is plaintiffs' insistence that any consent extracted from

persons in custody for traffic violations or failure to pay child support conditioned on the threat of being confined in segregated housing or in higher security areas of the jail cannot be voluntary. As our Supreme Court has acknowledged, "'[c]onsent' that is the product of official intimidation or harassment is not consent at all. Citizens do not forfeit their constitutional rights when they are coerced to comply with a request that they would prefer to refuse." State v. Carty, 170 N.J. 632, 645 (2002) (quoting Florida v. Bostick, 501 U.S. 429, 438 (1991)).

Accordingly, we affirm the order granting class certification. Because Atlantic County only ended the policy challenged after plaintiffs filed suit and continues to insist the policy and the consent form are lawful and appropriate, we reject its contention that the request for injunctive relief is moot and the class improperly certified under Rule 4:32-1(b)(2). See Galloway Twp. Bd. of Educ. v. Galloway Twp. Educ. Ass'n, 78 N.J. 25, 41-42 (1978). Atlantic County's remaining arguments, to the extent we have not addressed them, lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9